UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LINDA M. LEWIS** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 06-0255 (GK) |
| | ) |
| **MIKE JOHANNS**, Secretary, | ) |
| United States Department of Agriculture | ) |
| | ) |
| Defendant. | ) |
| | ) |

### DEFENDANT'S ANSWER

Defendant Mike Johanns, Secretary, United States Department of Agriculture (hereinafter "Defendant" or "Agency"), by and through undersigned counsel, hereby answers the allegations in Plaintiff's Complaint as follows:

### FIRST DEFENSE

The Complaint contains certain claims upon which relief may not be granted.

### SECOND DEFENSE

This Court lacks subject matter jurisdiction over certain claims in the Complaint.

### THIRD DEFENSE

Plaintiff has failed to exhaust administrative remedies as to certain claims in the Complaint.

### FOURTH DEFENSE

Defendant reserves the right to amend its Answer should facts learned in discovery so warrant. Defendant also reserve the right to assert any other matter that constitutes an avoidance or affirmative defense under Fed. R. Civ. P. 8(c).

FIFTH DEFENSE

Defendant denies each and every allegation in the Amended Complaint except as may be expressly and specifically admitted. Defendant responds to the separately numbered paragraphs and prayers for relief as follows:

### INTRODUCTION

I. This paragraph in summary fashion alleges that Plaintiff has suffered discrimination and that Plaintiff has exhausted her administrative remedies in bringing her claims based upon gender (female), age (55), perceived disability, reprisal, violation of privacy, and denial of due process. The allegations are conclusory and no response is necessary. To the extent any response is required, Defendant denies the allegations as stated. Defendant avers that Plaintiff initiated EEO counseling on December 10, 2004, and on February 19, 2005, she filed a formal complaint of discrimination.

### JURISDICTION AND VENUE

II. This paragraph contains a statement of subject matter jurisdiction and venue to which no response is required. Defendant admits only that jurisdiction is proper before this Court and denies all other allegations in Paragraph II.

### PARTIES

III. Defendant admits only that Plaintiff, *pro se,* has been employed by the U.S. Department of Agriculture, and that Mike Johanns is the named defendant in his official capacity as the Secretary of the U.S. Department of Agriculture. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph III.

## STANDARDS OF LAW

IV. This section of the complaint (Standards of Law), consisting of sub-parts (a)-(g), states certain federal statutes, an amendment to the U.S. Constitution, and Plaintiff's characterization thereof, and does not contain averments of fact to which an answer is required. To the extent that an answer is deemed to be required, deny.

## FIRST CAUSE OF ACTION

V. Paragraph V (First Cause of Action), consisting of sub-parts (a)-(c), contains conclusions of law to which no response is required. To the extent paragraph V's sub-parts contain any allegations of fact, deny. Specifically:

    a. Deny.

    b. Deny.

    c. Deny.

## SECOND CAUSE OF ACTION

VI. Paragraph VI (Second Cause of Action) contains conclusions of law to which no response is required. To the extent that an answer is deemed to be required, deny. With regard to paragraph VI's sub-parts, Defendant responds as follows:

    a. This sub-part of paragraph VI contains conclusory allegations to which no response is required. To the extent that an answer is deemed to be required, deny. Specifically:

        i.) Deny.

        ii.) Deny.

        iii.) Deny.

    b. Defendant admits only that the Agency issued the plaintiff a reprimand on October 26,

2006, for late payment on her government-issued credit card.  As to sub-part b's additional sub-parts:

    i.  Deny.

    ii.  Defendant lacks sufficient knowledge or information regarding Plaintiff's emotional state.  With respect to the remainder of sub-part ii, Defendant denies.

c.  Deny.

d.  Deny.

e.  Defendant admits only that Plaintiff was not promoted to a Physical Scientist (GS-14) position.  With respect to the remainder of sub-part e, Defendant denies.

### THIRD CAUSE OF ACTION

VII.  Paragraph VII (Third Cause of Action), consisting of sub-parts (a)-(e), contains conclusory averments about the facts and the statutes allegedly violated by Defendant to which no answer is required.  To the extent that an answer is deemed to be required, Defendant denies.  With regard to paragraph VI's sub-parts, Defendant responds as follows:

a.  Defendant admits only that Plaintiff's second-tier supervisor, Mr. Perfecto Santiago, told Plaintiff that she should not expect an "outstanding" performance appraisal in the future because each annual rating stands on its own.  In answering the second sentence, Defendant denies.

b.  Deny.

c.  Defendant avers that Plaintiff's third-level supervisor, Carol Maczka, stated in an affidavit that for some reason, and she does not know why, Plaintiff cannot get a security clearance as an employee of the U.S. Department of Agriculture.  Ms. Maczka additionally stated

that Recorder duties require a security clearance.  With regard to any remaining allegations in sub-part (c), deny.

    d.  Deny.

    e.  Deny.

## FOURTH CAUSE OF ACTION

Paragraph VIII (misnumbered as paragraph VII) (Fourth Cause of Action) contains conclusions of law to which no response is required.  To the extent that an answer is deemed to be required, deny.  Specifically:

    a.  Deny.

    b.  Deny.

    c.  Deny.

## PRAYER FOR RELIEF

Paragraph IX (misnumbered as paragraph VIII) contains plaintiff's prayer for relief, to which no response is necessary.  To the extent that a response is deemed necessary, Defendant denies the allegations in subparagraphs (a) through (e) of Plaintiff's prayer for relief and denies that Plaintiff is entitled to any relief whatsoever.

Defendant denies each and every allegation of the Complaint not specifically and expressly admitted herein.

WHEREFORE, having fully answered, Defendant respectfully requests that this action be dismissed and that the Court grant such other relief as it deems appropriate.

Dated: April 17, 2006.

                                Respectfully submitted,

/s/
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/
MEGAN L. ROSE, N.C. Bar # 28639
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. - Civil Division
Washington, D.C.  20530
(202) 514-7220

Of Counsel:
Robert Hardin, Esq.
Office of the General Counsel
U. S. Department of Agriculture

## CERTIFICATE OF SERVICE

I certify that the foregoing **Answer** was served upon plaintiff by first-class mail, postage pre-paid and marked for delivery to:

**Linda M. Lewis**
**8811 Colesville Road #210**
**Silver Spring, MD 20910**

on this 17th day of April, 2006.


/s/
MEGAN L. ROSE
Assistant United States Attorney
Judiciary Center Building
Civil Division
555 4th Street, NW
Washington, D.C. 20530