UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LINDA M. LEWIS** )<br>)<br>　　　　Plaintiff, )<br>)<br>v. )<br>)<br>**MIKE JOHANNS**, Secretary, )<br>United States Department of Agriculture )<br>)<br>　　　　Defendant. )<br>_____) | Civil Action No.: 06-0255 (GK) |

**PARTIES' JOINT REPORT PURSUANT TO LOCAL RULE 16.3**

Pursuant to Local Rule 16.3, Fed. R. Civ. P. 26(f), and this Court's Order of April 18, 2006, the parties hereby respectfully submit their Meet and Confer Statement, which is based on a telephonic meeting and email communication between Assistant United States Attorney Megan L. Rose and Plaintiff, pro se, Linda Lewis, on April 20, 2006.

Plaintiff, pro se, brought this case pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., the Rehabilitation Act of 1973, 29 U.S.C. § 791, et seq., the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, et seq., the Privacy Act of 1974, 5 U.S.C. § 552a, and the Fifth Amendment of the United States Constitution.  In this action, Plaintiff alleges violations of the Privacy Act, retaliation, unlawful discrimination, and denial of due process during her employment at the U.S. Department of Agriculture ("USDA"), Food Safety and Inspection Service ("FSIS").[1]

Plaintiff also states that she believes she has exhausted her administrative remedies. Plaintiff states that "after 180 days, no decision had been reached regarding either of her claims

---

[1] In addition, Plaintiff has requested that the undersigned counsel add a claim of defamation to the Joint Report, but no such claim is in the Complaint.

filed with the Agency. Plaintiff believes her claims have merit, and that relief is available and appropriate to grant. Plaintiff has been disadvantaged in preparing to discuss Defendant's response to her Complaint because Plaintiff just today received the Defendant's Answer. Therefore, it is premature to discuss the Defendant's proposal to dispose of the case. Plaintiff would like an opportunity to amend the Complaint before any such decision is made."

Defendant avers that Plaintiff has failed to state a claim and has failed to exhaust her administrative remedies with respect to certain claims. Defendant denies the allegations that Plaintiff was subjected to any discrimination, including retaliation, based on her membership in any protected class and further denies that Plaintiff's privacy and due process rights were violated in any way. Finally, Defendant maintains that its actions with respect to Plaintiff in this case were reasonable, justified, and not in violation of the law.

For the Court's convenience, the remainder of the discussion herein follows the numbering and topics of Local Rule 16.3(c).

1.      Dispositive Motions/Discovery Timeframe:

Defendant believes that this case is likely to be disposed of by dispositive motion and does not believe that discovery is appropriate at this time. Plaintiff has indicated a desire to amend the complaint and to attempt to obtain the services of counsel. Additionally, Plaintiff has indicated that she will amend her complaint in her related case, 05-1507. The initial scheduling conference, currently set for April 25, will provide both parties with a timeline for any such action. Defendant further avers that portions of the complaint should be dismissed for lack of subject matter jurisdiction, failure to state a claim upon which relief could be granted, and failure to exhaust administrative remedies. Discovery and other matters should await a decision on such

motion. Once a more narrow focus of the facts has been obtained, then, if necessary, the parties may proceed with discovery.

Plaintiff believes that discovery is appropriate at this time.

Both parties propose that if discovery is necessary, any motions for summary judgment should be filed within forty-five (45) days after the close of discovery; any opposition to summary judgment should be filed within forty-five (45) days after filing of the motion; and any reply brief should be filed within thirty (30) days of the filing of the opposition brief.

    2.    <u>Amendment to Pleadings</u>: Plaintiff has indicated to the undersigned counsel that she plans to seek leave to file an amended complaint in this action. At this time, the Parties do not anticipate that it will be necessary to join additional or third parties.

    3.    <u>Assignment to Magistrate Judge</u>: At this time, both Parties oppose referral of this case to a Magistrate Judge.

    4.    <u>Settlement Possibility</u>: The Parties have not discussed settlement as of the date of this filing. The Parties believe that any mediation in this case should take place after the close of discovery.

    5.    <u>Alternative Dispute Resolution</u>: The Parties believe that alternative dispute resolution may be appropriate after the close of discovery.

        (i)    Plaintiff's objective in bringing this suit is to obtain the relief set forth in the Complaint. Defendant's objective in defending this suit is to obtain post-discovery summary judgment in their favor.

        (ii)    The Parties have not engaged in any settlement discussions.

 (iii) Defendant believes that any settlement discussions should occur after the judicial resolution of key legal issues, and both Parties agree that settlement discussions should occur after the close of discovery.

 (iv) The Parties, at this time, do not know whether this case will benefit from a neutral evaluation. However, if such evaluation were to occur, the Parties believe that it should be done after discovery.

 (v) The Parties do not believe that discovery should be stayed while an ADR process is pending.

6. <u>Dispositive Motions/Discovery Timeframe</u>: Defendant believes that portions of this case should be dismissed, and any remaining portions can be resolved by summary judgment.

Plaintiff does not believe that any of this case should be dismissed. Plaintiff believes that discovery should proceed.

As noted above, the Parties believe that any post-discovery dispositive motions, if appropriate, should be filed within forty-five (45) days after the close of discovery; that any opposition to summary judgment shall be filed within forty-five (45) days after filing of the motion; and any reply brief shall be filed within thirty (30) days of the filing of the opposition brief.

7. <u>Initial Disclosures</u>:  The parties will do initial disclosures but would request thirty (30) days from the earlier of either the filing of an answer to an amended complaint or 30 days after the Court's decision on a dispositive motion.

8. <u>Discovery</u>: The Parties disagree over the extent of discovery necessary in this case. Defendant does not believe that the underlying facts in this case require extensive discovery or that numerous depositions are necessary. Defendant proposes that discovery, if necessary at all, be completed within 120 days from its opening.

Plaintiff believes that extensive discovery is necessary and that she will depose numerous current and former employees of Defendant. Plaintiff proposes that the discovery period should last 210 days.

Both Parties believe that discovery matters, including limitations placed on discovery, should be governed by the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Columbia.

9. <u>Experts</u>: The Parties do not know whether expert witnesses may be necessary at this time. The Parties propose that any experts be designated no later than sixty (60) days after the commencement of discovery, and that any rebuttal experts be designated no later than thirty (30) days thereafter. The Parties propose that all other requirements of Fed. R. Civ. P. 26 regarding experts should apply.

10. <u>Class Actions</u>: This case is not a class action, and therefore, this paragraph of Local Rule 16.3 is not applicable.

11. <u>Bifurcation of Discovery or Trial</u>: The Parties do not see any need for bifurcation at this time.

12. <u>Proposed Date for the Pretrial Conference</u>: The Parties believe that the Pretrial Conference for this proceeding should be scheduled following the Court's rulings on any post-discovery, outstanding dispositive motion.

13. <u>Trial Date</u>:  The Parties believe that the Court should schedule a trial date at the Pretrial Conference.

14. <u>Other Matters</u>:  The parties are not aware of any other matters at this time requiring the attention of the Court.

Dated: April 21, 2006.

Respectfully submitted,

/s/
Linda M. Lewis
Plaintiff, *pro se*
8811 Colesville Road # 210
Silver Spring, MD 20910
Phone:  (202) 210-8539

/s/
Kenneth L. Wainstein, D.C. Bar No. 451058
United States Attorney

/s/
Rudolph Contreras, D.C. Bar No. 434122
Assistant United States Attorney

/s/
Megan L. Rose, N. C. Bar No. 28639
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
Phone:  (202) 514-7220

Attorneys for Defendant.